**IN THE UNITED STATE BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| **In re:** | |
| **Kenneth Harold Ferguson,** <br> **Mary Elizabeth Ferguson,** | Case No. 15-13203-BFK |
| **Debtor.** | **Chapter 7** |
| **Judy A. Robbins,** <br> **United States Trustee,** | |
| **Movant,** <br> v. | |
| **Kenneth Harold Ferguson,** <br> **Mary Elizabeth Ferguson,** | |
| **Respondent.** | |

**United States Trustee Motion to Dismiss**
**Under 11 U.S.C. § 707(b)(1) for Abuse**

Judy A. Robbins, United States Trustee, and moves the Court to dismiss this chapter 7 case under the provisions of 11 U.S.C. § 707(b)(1). In support thereof, the United States Trustee alleges the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This motion is filed under 11 U.S.C. § 707(b)(1).

Office of United States Trustee
Bradley D. Jones, Trial Attorney
115 South Union Street, Room 210
Alexandria, VA 22314
(703) 557-7228
bradley.d.jones@usdoj.gov                                                                 Page 1 of 6

**Factual Background**

2. This case commenced with the filing of a chapter 7 voluntary petition on September 14, 2015.  Docket No. 1.

3. On September 14, 2015 the Debtors filed their Summary of Schedules, Statistical Summary of Certain Liabilities and Related Data ( 28 U.S.C. § 159), Schedules A, B, C, D, E F, G, H, I, and J, Declaration Concerning Debtor's Schedules, Statement of Financial Affairs, a Chapter 7 Statement of Intention, Disclosure of Compensation of Attorney for Debtor, Chapter 7 Statement of Your Current Monthly Income Form B22A-1 (" the Statement of CMI") and Means-Test Calculation Form B22A-2 ( "the Means Test Form").  Docket No. 1

4. The § 341(a) meeting for the case was conducted on November 5, 2015 by the chapter 7 trustee,  Donald F. King.

5. Debtor Kenneth Harold Ferguson is the chief financial officer at an educational institution.  Mary Elizabeth Ferguson is not employed. Schedule I, Docket No. 1, page 30.

6. The monthly gross income for the Debtor is $16,583.  Schedule I, Docket No. 1, page 30.

7.  The Debtors list five dependents on Schedule J, Docket No. 1, page 32.

8.  The Debtors state that their mortgage payments per month are $11,770.  Schedule J, Docket No. 1, page 32.

9.  The Debtors own one piece of real property, their residence, which is located in Great Falls, Virginia.  The Debtors value the house at $2,000,000, with a secured claim of $2,153,000.  Schedule A – Real Property, Docket No. 1, page 10.

10. The Debtors have $302,926 in non-priority unsecured debt. Schedule F – Creditors Holding Unsecured Nonpriority Claims, Docket No. 1, page 27.

11. The Debtors state their debts are primarily consumer debt. Voluntary Petition, Docket No. 1, page 1.

## This Case Should Be Dismissed as an Abuse Under The "Totality Of The Circumstances" Test Of § 707(b)(3)(B) This Case Is Abusive

12. This case should be dismissed as an abuse under the provisions of 11 U.S.C. § 707(b)(3).

13. The provisions of 11 U.S.C. § 707(b)(1) allow the Court to dismiss a chapter 7 case filed by an individual with primarily consumer debt (or if the debtor's elect, convert it to chapter 11 or 13), if the Court finds that the granting of relief would be an abuse of the provisions of chapter 7.

14. Section 707(b)(3) further provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider –
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

15. In considering the "totality of the circumstances" Courts have found that the ability to pay, in and of itself, is sufficient justification to dismiss a case. *See In re Henebury*, 361 B.R. 595, 607 (Bankr. S.D. Fla. 2007) (finding that under BAPCPA "the ability to pay, standing alone, is sufficient to warrant dismissal of a Chapter 7 case for abuse pursuant to 11 U.S.C. §707(b)(3)(B).").

16. In fact, every circuit to consider the issue – both before the statutory change in BAPCPA and after – has found that the ability to pay alone is sufficient to find a chapter 7 case to be abusive. *In re Kelly,* 841 F.2d 908 (9th Cir. 1988) (Debtor earning $61,200 could repay $690 a month); *In re Krohn*, 886 F.2d 123 (6th Cir. 1989) (case of debtor earning up to $80,000 dismissed *sua sponte* where debts could be repaid through chapter 11); *In re Harris*, 960 F.2d 74, 77 (8th Cir. 1992) ("egregious behavior" not required and debtors with disposable income of $421.25 a month could repay creditors); *In re Lamanna*, 153 F.3d 1 (1st Cir. 1998) (Debtor with income just above poverty level who earned $1,350.96 per month and lived with his mother could repay $15,911); *In re Lamanna*, 210 B.R. 17, 18 (Bankr. D. R.I. 1997); *In re Stewart*, 175 F.3d 796, 809 (10th Cir. 1999) (Doctor with lower income but with great earning potential up to $325,000 "possesse[d] the financial ability to pay his expenses and repay his debt within a reasonable time); *In re Kornfield*, 164 F.3d 778 (2nd Cir. 1999) (Doctor earning $276,000 could repay $247,020 over five years); *In re Carlton*, 211 B.R. 468, 482 (Bankr. W.D.N.Y. 1997); *In re Behlke*, 358 F.3d 429 (6th Cir. 2004) (Debtor earning $93,036 could repay $38,040 over five years); *In re Price*, 353 F.3d 1135 (9th Cir. 2004) (Debtor who suffered business failure and divorce but had $2,497.37 in disposable monthly income could repay debts over three years); *In re Price*, 280 B.R. 499, 500 (B.A.P. 9th Cir. 2002); *In re Calhoun*, 650 F.3d 338, 340 (4th Cir. 2011) (retired debtors earning $87,756 plus Social Security had repaid creditors $2,268 a month pre-petition and could continue to do so in chapter 13).

17. In a pre-BAPCPA case, the Fourth Circuit has also recognized a debtor's ability to repay as a "*primary* factor" to be considered in dismissing a case for "substantial abuse" but declined to hold that ability to repay, standing alone, would justify dismissal in a case decided under the previous version of § 707(b). *In re Green*, 934 F.2d 568, 572 (1991) (emphasis in

original). Instead, the court adopted an approach that considers various factors in making the determination.

18. The United States Trustee submits that, in light of the post-BAPCPA statutory changes to § 707(b) when the totality of the Debtor's financial circumstances indicates that they have the ability to repay their debts without undue hardship, as in this case, it would be an abuse to grant them a chapter 7 discharge. At the very least, the Debtor's ability to pay has significantly more weight since the 2005 amendments.

19. In this case, the Debtors' monthly mortgage payment is excessive.

20. The Debtor is also making a monthly voluntary contribution of $829 for retirement. Schedule I, Docket No. 1, page 31, line 5c.

21. The United States Trustee contends that the Debtor should not be permitted to contribute for their retirement before paying their creditors.

22. The United States Trustee further contends that the Debtors cannot claim payments for the mortgages. On information and belief, these payments are for a house that the Debtor intends to leave. Thus, the Debtor will not be making payments going forward.

23. The Debtor has an ability to repay a portion of their unsecured non-priority claims.

24. Accordingly, under the totality of the circumstances of this case, this case is an abuse of the provisions of chapter 7 within the meaning of 11 U.S.C. § 707(b)(3). Thus, this case should be dismissed pursuant to 11 U.S.C. § 707(b)(1).

WHEREFORE, the United States Trustee moves that, pursuant to § 707(b)(1), the Court dismiss this case, and for such other and further relief as is just and proper.

December 18, 2015                                   Judy A. Robbins
                                                    United States Trustee

/s/ Jack Frankel
Jack Frankel, Attorney
Office of United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314
(703) 557-7229

**Certificate of Service**

I hereby certify that on December 18, 2015, a true copy of this motion, notice of motion, and proposed order were served on the following persons by first class U.S. mail, or by notice of electronic filing:

| **Kenneth Harold Ferguson**<br>**Mary Elizabeth Ferguson**<br>10618 Beach Mill Rd<br>Great Falls, VA 22066 | **Jeremy Calvin Huang**, Esq.<br>Huang Law, PLLC<br>4120 Leonard Drive<br>Fairfax, VA 22030 |
|---|---|
| **Donald F. King, Esq.**<br>1775 Wiehle Avenue, Suite 400<br>Reston, VA 20190 | |

*/s/ Paula F. Blades*
Paula F. Blades
Paralegal Specialist