## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| In re: | * |
| | *   Case No. 15-13203-BFK |
| KENNETH FERGUSON | * |
| MARY FERGUSON | * |
| | *   Chapter 7 |
| Debtors | * |

**DEBTOR'S OPPOSITION TO THE U.S. TRUSTEE'S MOTION TO DISMISS**

COME NOW Kenneth Ferguson and Mary Ferguson, ("Debtors"), through undersigned counsel and respond in opposition to the U.S. Trustee's ("UST") Motion to Dismiss. In support, they would present the following:

1. On or about September 14, 2015, Debtors filed for relief under Chapter 7 of the Bankruptcy Code.

2. On Form 22(c) and Schedule I, Debtors indicated that their current household consisted of seven (7) people: the Debtors and their five (5) youngest children.

3. In those same documents, Debtors also stated that Mr. Ferguson was the sole income-earner for the household.

4. In their schedules, Debtors stated that they own real property located 10618 Beach Mill Rd., Great Falls, VA 22066, for which Wells Fargo has three liens on the property.

5. In their schedules, Debtors stated that the combined monthly mortgage payments for this property was approximately $11,785.31.

6. Debtors also stated that their disposable monthly income was -$11,626.88.

7. On or about December 18, 2015, the U.S. Trustee filed its motion to dismiss for abuse, stating Debtors "ability to repay" as the basis for dismissal.

8. The UST focuses on Debtors' "excessive" mortgage payments (for a home Debtors have lived in for 15 years), arguing that if Debtors' had a more "reasonable" mortgage payment, Debtors would have positive monthly disposable income and therefore an ability to repay their creditors.

9. Nothing in Debtors' schedules supports this conclusion: If Debtors could reduce their monthly mortgage expense to the IRS standard allowance of $2,708.00 (which is improbable for area rents) their disposable monthly income would still be negative.

10. Even if Mr. Ferguson, who is nearly 58 years old, were to cease his monthly retirement deductions and "recoup" the full $829.00[1], per the UST's objection, Debtors' disposable monthly income would still be heavily negative (-$1,720.57) even without the mortgage payment.

11. Other than the UST's qualms with Mr. Ferguson's voluntary retirement deduction, neither the Chapter 7 Trustee nor the UST have raised objections to any of the Debtors' other deductions and expenses.

12. Accordingly, Debtors and undersigned counsel are puzzled at the UST's statement that the Debtors have an ability to repay; as the numbers demonstrably show otherwise.

13. Undersigned counsel has had numerous discussions with the UST since the Motion's filing, but the latter has yet to enumerate how it reached the conclusion that Debtors have the ability to repay, in spite of all the evidence.

---

[1] Ceasing the voluntary retirement contribution would have tax implications that would still reduce Debtors' monthly net income; and forfeit employer's 100% matching of contributions.

WHEREFORE, the Debtors respectfully pray of the Court as follows:

A. That the Court DENY the UST's Motion to Dismiss and grant the Chapter 7 discharge; and

B. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 25th day of January, 2016.

**By: /s/ Jeremy C. Huang**
Jeremy C. Huang, VSB 76861
Huang Law, PLLC
4120 Leonard Dr.
Fairfax, VA 22042
703-755-0214 / jeremy@huanglawoffice.com
*Attorney for the Debtors*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of January, 2016, a copy of the foregoing Opposition was sent via the Court's ECF system to the U.S. Trustee.

**/s/ Jeremy C. Huang**